**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5121**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

SUSANO SANDOVAL-ROJO,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00378-NCT-7)

Submitted:  September 2, 2009          Decided:  September 18, 2009

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles H. Harp, II, CHARLES H. HARP, II, P.C., Lexington, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Susano Sandoval-Rojo pled guilty pursuant to a plea agreement to one count of conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). The district court sentenced him to 108 months' imprisonment. Sandoval-Rojo appeals his sentence, asserting that the district court erred in refusing to award him a downward adjustment for his minor role in the conspiracy. We affirm.

Appellate review of a district court's imposition of a sentence (whether inside or outside of the Guidelines range) is for abuse of discretion. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 596 (2007). In conducting that review, this court

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. §] 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.

Id. at 597.

2

A defendant bears the burden of showing by a preponderance of the evidence that he had a mitigating role in the offense, see United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999), and may receive a four-level reduction for being a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." U.S. Sentencing Guidelines Manual ("USSG") § 3B1.2, comment. (n.4) (2007). This level of culpability is shown by "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." Id. A two-level reduction may be made when a defendant is a minor participant; that is, one "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.5).

In deciding whether a defendant played a minor or minimal role, "[t]he critical inquiry is . . . not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation marks and citation omitted). Role adjustments are determined on the basis of the defendant's relevant conduct. United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990). We review for clear error a district court's decision regarding a defendant's role in the

offense.  <u>United States v. Kiulin</u>, 360 F.3d 456, 463 (4th Cir. 2004).

Our review of the record leads us to conclude that the district court did not clearly err because Sandoval-Rojo failed to meet his burden of showing that he was less culpable than most other participants in the charged conspiracy.  The district court thus did not commit procedural error in refusing to award Sandoval-Rojo a downward adjustment under USSG § 3B1.2(b), and Sandoval-Rojo does not challenge the substantive reasonableness of his sentence.  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>